UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN NATHANIEL JOHNSON,

                 Plaintiff,

-against-

CAMERON GILES, ASYLUM RECORDS
LLC, DIPLOMATIC MAN, INC., and KILLA
CAM MUSIC,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2025

1:23-cv-2444 (MKV)

<u>ORDER OF DISMISSAL</u>

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, acting though counsel, initiated this case in March 2023 and prosecuted this case through motion practice and discovery. Thereafter, Plaintiff's counsel withdrew, and the Court set a deadline either for new counsel to appear for Plaintiff, or for Plaintiff to file a letter informing the Court and Defendant that he would be proceeding *pro se* [ECF No. 67 ("April 20205 Order")]. The Court specifically warned Plaintiff that "**failure to comply**" and "**diligently move this case**" forward might "**result in sanctions**," including "**the case-terminating sanction[] of dismissal**." April 2025 Order (emphasis in original). Plaintiff ignored the April 2025 Order and has taken no action to prosecute his case for more than seven months. In the interim, the Court has issued two Orders To Show Cause and repeated its warnings that the case might be dismissed for failure to prosecute and comply with court orders [ECF Nos. 68, 70]. Indeed, in its Second Order To Show Cause, the Court wrote: "**THIS IS PLAINTIFF'S FINAL WARNING. If Plaintiff does not comply with this Order this case will be dismissed**" [ECF No. 70]. Plaintiff, however, has ignored the Orders To Show Cause and failed otherwise to prosecute this action. According, for the reasons set forth below, this case is DISMISSED, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and comply with court orders.

## I.    BACKGROUND

Plaintiff Bryan Nathaniel Johnson, acting through counsel, initiated this action in March 2023 by filing the Original Complaint, which named as defendants the recording artist Cameron Giles (professionally known as Cam'ron) and three entities that have never appeared in this action [ECF Nos. 10].[1]  Giles filed a motion to dismiss the Original Complaint [ECF Nos. 35, 36, 37]. In response, Plaintiff filed the First Amended Complaint, which names Giles as the sole defendant [ECF No. 39 ("FAC")].

The First Amended Complaint alleges that Plaintiff created certain musical compositions for Giles, which Giles used without crediting or paying Plaintiff until the parties reached a settlement agreement, which, Plaintiff alleges, Giles thereafter breached.  *See* FAC ¶¶ 11, 13, 20, 28, 30, 31, 33–39.  The First Amended Complaint further alleges that, notwithstanding all of Giles' alleged prior wrongdoing, Plaintiff provided Giles with new compositions, and Giles infringed Plaintiff's alleged copyrights in those new compositions.  *See id.* ¶¶ 40–43.

Giles responded to the First Amended Complaint with a motion to dismiss some, but not all, of Plaintiff's claims [ECF Nos. 43, 44, 45].  Plaintiff filed a brief in opposition to Giles' motion to partially dismiss the First Amended Complaint, and Giles filed a reply [ECF Nos. 48, 50].  The Court Granted in Part and Denied in Part Giles' motion [ECF No. 56].  Giles thereafter filed an Answer to Plaintiff's remaining claims [ECF No. 60].

The parties proceeded with discovery.  The parties jointly requested, and the Court granted, several extensions of the deadlines to complete discovery and to seek leave to move for summary judgment [ECF Nos. 62, 63, 64, 65].

---

[1] Plaintiff later voluntarily dismissed the case as to the entities [ECF Nos. 58, 59].

Thereafter, in a letter dated April 1, 2025, Plaintiff's counsel requested leave to withdraw, representing that Plaintiff had not paid his bills for "nearly one and one-half years" and had not "responded" to communications from counsel for approximately four months [ECF No. 66 at 3]. In an Order dated April 25, 2025, the Court granted counsel's request to withdraw on the condition that counsel provide Plaintiff with a copy of the Court's Order [ECF No. 67 ("April 2025 Order")]. The Court ordered that "no later than **May 16, 2025** either new counsel for Plaintiff must file a notice of appearance, or Plaintiff must file a letter informing the Court and Defendant that Plaintiff intends to proceed *pro se*." April 2025 Order. The Court set a later deadline for the parties to file certain submissions in connection with the close of discovery and summary judgment "[w]hether Plaintiff retains new counsel or proceeds *pro se*." *Id.* The Court warned the parties that these were "firm deadlines." *Id.* The Court further warned: "**The parties are on notice that failure to comply with court orders and the Court's Individual Rules of Practice and to diligently move this case toward a complete resolution may result in sanctions, including: monetary sanctions on counsel and the parties themselves; preclusion of claims, defenses, and evidence; and the case-terminating sanctions of dismissal and default judgment.**" *Id.* (emphasis in original). The Court further warned Plaintiff specifically: "Plaintiff personally is on notice that, whether he retains new counsel or proceeds *pro se*, he must comply with court orders, including court-ordered deadlines, and applicable procedural rules." *Id.*

Plaintiff flouted the Court's April 2025 Order. The May 16, 2025 deadline passed without any notice of appearance from new counsel or letter from Plaintiff. As such, on May 19, 2025, the Court issued an Order To Show Cause why this case should not be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and comply with a court order [ECF No. 68 ("First OTSC")]. The Court directed Plaintiff to file a letter in response to the First OTSC by May 27, 2025. The Court again warned that "**failure to comply**" might result in

sanctions, including "**the case-terminating sanction[] of dismissal**." First OTSC at 2. To ensure that Plaintiff received notice of the First OTSC, the Court ordered Defendant to "send a copy of this Order To Show Cause to Plaintiff's new counsel or, if Plaintiff is not represented, to Plaintiff" and to file a letter "confirming" Defendant's compliance. *Id.* at 1. Defendant timely filed a letter, in compliance with the Court's First OTSC, representing that he "sent a copy of the Order to Plaintiff on May 20, 2025 by email" [ECF No. 69].

Plaintiff failed to comply with the First OTSC and took no other action to prosecute his case. The Court therefore issued a second Order To Show Cause on June 4, 2025 [ECF No. 70 ("Second OTSC")]. The Court directed Plaintiff to file a letter by June 20, 2025 "showing cause why this case should not be dismissed, with prejudice, for failure to prosecute and comply with court orders." Second OTSC at 1. The Court warned Plaintiff, in bold, capital letters: "**THIS IS PLAINTIFF'S FINAL WARNING. If Plaintiff does not comply with this Order this case will be dismissed.**" *Id.* (emphasis in original). The Court again instructed Defendant to send a copy of the Order to Plaintiff, *id.*, and Defendant complied [ECF No. 71].

Plaintiff failed to comply with the Second OTSC and took no other action to prosecute his case. Thereafter, Defendant filed a letter requesting that the Court dismiss this case with prejudice based on "Plaintiff's blatant disregard [of] the Court's last two orders" [ECF No. 72 ("Def. Ltr.") at 2]. The defense "further request[ed] that the Court award Defendant his legal fees in connection with defending this action." Def. Ltr. at 2. In response to that letter, the Court issued an Order directing Defendant to "file a letter providing authority and argument for his request for attorney's fees," which Defendant failed to do by the court-ordered deadline [ECF No. 73].

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See*

4

Fed. R. Civ. P. 41(b).  Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances.  *See Baptiste*, 768 F.3d at 217; *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that he faces dismissal, and fails to respond to the threat of dismissal.  *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal.  *See Baptiste*, 768 F.3d at 216.

The Court has carefully weighed each of these factors and concludes that dismissal is very clearly warranted here.  The first factor, the duration of Plaintiff's noncompliance, weighs in favor of dismissal.  Plaintiff has taken no action whatsoever to prosecute this case for more than seven months and has flouted three separate court orders during that time.  The Second Circuit has held that a similar period of inaction and noncompliance supported dismissal.  *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

Second, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply

5

with court orders and prosecute this case might result in dismissal, including two Orders To Show Cause why the case should not be dismissed for failure to prosecute [ECF Nos. 67, 68, 70]. The Court first put Plaintiff on notice that "any future failure to comply with an Order or Rules of this Court may result in sanctions, including . . . dismissal of this action" back in November 2023 in an Order granting an untimely request for an extension of a court-ordered deadline [ECF No. 42]. Most recently, in its Second OTSC, the Court clearly warned: "**THIS IS PLAINTIFF'S FINAL WARNING. If Plaintiff does not comply with this Order this case will be dismissed.**" Second OTSC at 1 (emphasis in original). As explained above, the Court took the further step of ordering first Plaintiff's withdrawing counsel and thereafter Defendant to provide Plaintiff with copies of its Orders to ensure that Plaintiff received notice of the Court's warnings [ECF Nos. 67, 68, 70]. The Court, therefore, "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468.

Third, the Court concludes that Defendant is likely to be prejudiced by further delay of the proceedings. Plaintiff filed the Original Complaint in March 2023 [ECF No. 10]. Giles has been the defendant in a lawsuit for more than two and a half years. After Giles had already expended significant resources on his defense through motion practice and discovery, the proceedings came to a halt because Plaintiff, according to his former counsel, refused to pay or communicate with his attorney and, as the docket confirms, refused to comply with court orders and move this case toward resolution [*see* ECF Nos. 35, 36, 37, 43, 44, 45, 56, 65, 66, 67, 68, 70]. For seven months, defense counsel's communications with the Court have exclusively concerned Plaintiff's failure to comply and prosecute this case [ECF Nos. 69, 71, 72]. Plaintiff is not entitled to hold this open lawsuit over Giles until such time as Plaintiff is inclined to prosecute it.

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit

6

has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot spend its days attempting to prompt Plaintiff to prosecute this case. The Court has given Plaintiff "ample opportunity" to be heard and to prosecute his case. *Ruzsa*, 520 F.3d at 178. Plaintiff was given the opportunity to amend his pleading after Defendant filed a motion to dismiss the Original Complaint, some of Plaintiff's claims in the First Amended Complaint survived a motion to dismiss, and the Court granted the parties' joint requests for more time to conduct discovery [ECF Nos. 39, 40, 56, 63, 65]. Moreover, the Court repeatedly offered Plaintiff opportunities to avoid dismissal for failure to prosecute by simply filing a letter sometime over the course of the past seven months [ECF Nos. 67, 68, 70]. Plaintiff declined to take those opportunities.

Finally, the Court has considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Over the course of this case, the Court has issued at least five Orders warning both parties, and Plaintiff in particular, about a range of potential sanctions [ECF Nos. 42, 65, 67, 68, 70]. As early as 2023, the Court warned the parties about the possibility of sanctions spanning from "monetary penalties" and "preclusion of claims or defenses" to "dismissal" [ECF No. 42]. Thereafter, the Court warned the parties that failing to file timely submissions in connection with summary judgment practice would be "deemed a waiver of the opportunity to move for summary judgment" [ECF No. 65]. In the Court's April 2025 Order, First OTSC, and Second OTSC, the Court discussed various lesser sanctions. *See* April 2025 Order; First OTSC; Second OTSC. However, at this point, Plaintiff is *pro se*. As such, the Court cannot impose monetary sanctions on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. Accordingly, in this

circumstance, the Court finds that dismissal is the appropriate sanction.

As noted above, Defendant has requested both dismissal of this action with prejudice and an award of attorney's fees. *See* Def. Ltr. at 2. However, when the Court issued an Order directing him to "file a letter providing authority and argument for his request for attorney's fees," Defendant failed to respond [ECF No. 73]. The request for attorney's fees is therefore DENIED. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) ("Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (cleaned up).

### III.    CONCLUSION

For the reasons set forth above, this case is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

Date:  **December 4, 2025**                       **MARY KAY VYSKOCIL**
    **New York, NY**                         **United States District Judge**

8